UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE:

Brian J. Hack & Tanya L. Hack,

CASE NO. 07-12612 rel
Chapter 13

DEBTORS.

JUDGE: Robert E. Littlefield, Jr.

-----------------------------------------------------------X

**APPLICATION IN SUPPORT OF AN ORDER
MODIFYING AND TERMINATING THE AUTOMATIC STAY**

TO:   THE HONORABLE ROBERT E. LITTLEFIELD, JR.,
      UNITED STATES BANKRUPTCY JUDGE:

The Application of U.S. Bank, N.A. ("Movant"), by its attorneys, Rosicki, Rosicki & Associates, P.C., respectfully represents and says:

Richard Postiglione, Esq., an attorney at law duly admitted to practice before this Court and the Courts of the State of New York, hereby affirms the following to be true under penalty of perjury:

I.   **RELIEF REQUESTED**

1. This is a contested matter brought pursuant to Federal Rules of Bankruptcy Procedure Rules 4001, 9013 and 9014 and Sections 361, 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), for an Order: (i) granting Movant, its successors and/or assigns, relief from the automatic stay due to the failure of Brian J. Hack & Tanya L. Hack (the "Debtors") to make post-petition payments, and/or offer and provide Movant with adequate protection for its security interest in the Property located at 17 Meadow Lane, Mechanicville, NY 12118 (the "Premises"); (ii) granting Movant waiver of the ten (10) day stay invoked pursuant to F.R.B.P. 4001(a)(3); (iii) granting Movant reasonable attorney fees and costs; and (iv) granting Movant such other and further relief as is just and proper.

## II. BACKGROUND

2. Movant is the holder, by assignment of a Note and Mortgage, dated July 10, 2003, given by Brian J. Hack & Tanya L. Hack (the "Debtors") in the original principal amount of $94,722.00 pledging the Premises as security. Copies of the Note, Mortgage and Assignment are annexed hereto as Exhibit "A".

3. On September 28, 2007, the Debtors filed with the Clerk of this Court a petition for relief under Chapter 13 of the Bankruptcy Code.

4. Upon information and belief, the Debtors are in default, post-petition, under the terms of the Note and Mortgage for failure to make timely payments in the amount of $823.26 per month, and the loan is now post petition due for July 1, 2008. The last payment received on August 18, 2008; in the amount of $1,700.00, was applied to the May 1, 2008 and June 1, 2008 payments.

5. Upon information and belief, the post-petition amount in default through the date of the within application is $2,641.47.

## III. THE APPLICATION

6. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property ..." As set forth herein, cause exists to vacate the automatic stay as the Debtor has failed to make monthly post-petition mortgage payments to Movant.

7. Under Section 362(d)(1), failure to make post-petition mortgage payments constitutes "cause" to modify the automatic stay. See In re Taylor, 151 B.R. 646 (E.D.N.Y 1993); In re Davis, 64 B.R. 358, 359 (Bankr.S.D.N.Y.1986); In re Frascatore, 33 B.R. 687 (B.Ct. E.D. Pa. 1983).

8. Accordingly, grounds exist to vacate the stay in Debtor's case and Movant therefore requests that the automatic stay imposed under Section 362(a) of the Bankruptcy Code be modified and terminated for cause in accordance with Section 362(d) of the Bankruptcy Code to permit Movant to pursue their rights under the Mortgage and applicable law, including without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding.

9. Waiver of the stay invoked pursuant to F.R.B.P. 4001(a)(3) is sought so Movant, its successors and/or assigns can immediately proceed with the foreclosure proceeding and/or eviction action without further delay or economic harm.

10. The debtor's Chapter 13 Plan was confirmed on January 2, 2008. Accordingly, Movant seeks reasonable fees in the amount of $250.00 and costs in the amount of $150.00 incurred with the filing of the instant application if granted on default.

11. Movant agrees to immediately provide notice to the Chapter 13 Trustee for any claim to surplus monies resulting from any foreclosure proceeding of the Premises.

## IV. CONCLUSION

12. Relief from the stay is warranted under Section 362(d). Accordingly, the automatic stay must be modified to permit Movant to assert its rights in the Premises, including, but not limited to, the consummation of a foreclosure sale and eviction action.

13. There being no novel issue of law raised herein, Movant respectfully requests that the requirement for a separate memorandum of law be dispensed with.

**WHEREFORE**, Movant respectfully requests that an Order be granted modifying the automatic stay as to it, its successors and/or assigns, permitting maintenance of mortgage foreclosure and eviction proceedings with respect to the Premises; waiving the stay invoked

pursuant to F.R.B.P. 4001(a)(3); ); granting reasonable attorney fees and costs ; and for such other and further relief as this Court may deem just and proper.

Dated: September 17, 2008
      Plainview, New York

Respectfully submitted,

ROSICKI, ROSICKI & ASSOCIATES, P.C.
By: Richard Postiglione, Esq. (4334)
Bar Code: 514611
Attorneys for Movant
51 East Bethpage Road
Plainview, New York 11803
(516) 741-2585